UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PHILIP D. WARNER,

    Plaintiff,

v.

                              Case No. 08-11573
                              Hon. Lawrence P. Zatkoff

CHASE BANK, N.A.,

    Defendant.

_____/


**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 4, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


**I. INTRODUCTION**

This matter comes before the Court on Defendant's motion to set aside clerk's entry of default [dkt 13]. Plaintiff, proceeding pro se, submitted objections to Defendant's motion to which Defendant filed a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the papers submitted. For the reasons set forth below, Defendant's motion to set aside clerk's entry of default [dkt 13] is GRANTED.

## II. BACKGROUND

Defendant is a national banking association with its principal place of business in Delaware. Plaintiff is an individual who possesses at least three credit-card accounts with Defendant. Plaintiff defaulted on his accounts while amassing a debt of at least $41,907.59. Defendant employed the services of the law firm Mann Bracken, LLC, to pursue the debt through the National Arbitration Forum. Mann Bracken brought a separate arbitration proceeding for each of Plaintiff's accounts and succeeded in obtaining awards for Defendant on all three accounts.

On April 11, 2008, Plaintiff filed a pro se complaint against Defendant in which he alleges generally that the arbitration agreements contained in his accounts with Defendant are unlawful and that Defendant fraudulently induced Plaintiff into signing the account agreements without disclosing the existence of the arbitration agreements. Plaintiff requests damages in the amount of $250,000. In his complaint, Plaintiff incorrectly named Defendant "Chase Bank NA c/o Mann Bracken, LLC, 2727 Ferry Paces Road, One Paces West 14th Floor, Atlanta, GA 30339." The docket reflects that the Court never issued a summons nor did Plaintiff file proof of service or any other evidence that he served a summons and a copy of the complaint on Defendant. Defendant maintains that neither it nor Mann Bracken received a copy of the complaint or of a summons from Plaintiff. Further, Mann Bracken is not an authorized agent for purposes of accepting service of process on Defendant's behalf. Thus, even if Mann Bracken received a copy of the complaint, it was not authorized to do so.

On October 15, 2008, Plaintiff submitted his request for clerk's entry of default. In this submission, Plaintiff alleged that he served a summons and complaint on Mann Bracken by way of certified mail. As previously stated, however, the docket is devoid of any indication that the Court

issued a summons or that Plaintiff perfected service on Defendant. Accepting Plaintiff's representations regarding service, the clerk entered a default against Defendant. The entry of default was mailed to Mann Bracken who subsequently brought it to Defendant's attention, resulting in the motion now before the Court.

### III. LEGAL STANDARD

A party against whom a default has been entered may petition the Court to set aside the entry for "good cause." Fed. R. Civ. P. 55(c). The Court enjoys "considerable latitude . . . to grant a defendant relief from a default entry." *United States v. Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) (quoting *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). In evaluating a motion to set aside a default entry, the Court must consider whether the default was willful, whether setting-aside the default would prejudice the plaintiff, and whether the alleged defense was meritorious. *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Although the Court must consider all three factors, finding in favor of the moving party on two of the factors is generally sufficient to set aside a default entry. *See, e.g.*, *Ruimundo v. Village of Armada*, 197 F. Supp. 2d 833, 837 (E.D. Mich. 2002).

### IV. ANALYSIS

Defendant contends that the entry of default was inappropriate in this matter because the Court never issued a summons nor did Plaintiff perfect service of his complaint. In addition to the lack of service of process, Defendant observes that it has numerous meritorious defenses, including that any alleged service of process was defective, that the Court lacks personal jurisdiction over

Defendant, that the Court lacks subject-matter jurisdiction over the matter on account of the lawfully binding arbitration agreement, and that Plaintiff's complaint fails to state a claim upon which relief may be granted. Defendant further notes that Plaintiff will not be prejudiced and denies any culpable conduct giving rise to the entry of default.

Plaintiff responds that "Mann Brackin [sic] was the only street address where a certified letter could be sent [sic] there was no other address available except post office boxes." Plaintiff maintains that "[p]roof that Mann Brackin [sic] was a proper and effective place to serve documents is the fact that now that a default has been entered the defendant finally responds." Plaintiff also argues that his mistake with respect to Defendant's proper name is inconsequential. Finally, in what appears to be a dispute regarding Defendant's meritorious defenses, Plaintiff alleges that "'a court of competent jurisdiction' is the proper forum to settle disputes."

Pursuant to Fed. R. Civ. P. 4(b), the Court must issue a summons for each defendant in a proceeding. A summons must be served with a copy of the complaint. *Id.* 4(c)(1). Here, no summons was issued. Moreover, the individual on whom Plaintiff allegedly served his complaint was a law firm that was not authorized as an agent of Defendant for purposes of accepting service of process. Although Plaintiff maintains that his certified-mail receipt establishes that he properly served Defendant, that receipt is dated October 11, 2008. Plaintiff filed his request for clerk's entry of default only five days later on October 16, 2008. Therefore, even assuming Plaintiff properly served Defendant, service would have occurred on October 11, 2008, and an entry of default would have been premature on October 16, 2008. Moreover, the docket supports Defendant's contention that it was Plaintiff's deficient service that gave rise to the entry of default; not any culpable conduct on the part of Defendant. In addition to Plaintiff's defective service, Defendant has satisfied the

4

Court that its defenses to Plaintiff's complaint are meritorious. Finally, setting aside the default entry will not prejudice Plaintiff.

## V. CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to set aside clerk's entry of default [dkt 13] is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 4, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290